IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> PETER FRATUS | CRIMINAL ACTION <br> NO. 20-00270 |

**PAPPERT, J.**                                                                                                                 July 7, 2021

**MEMORANDUM**

Peter Fratus seeks immediate release from pretrial detention. The Court denies the Motion for the reasons that follow.

I

A

On August 27, 2020, Fratus was charged with interstate communication of threats in violation of 18 U.S.C. § 875(c). (Indictment 2, ECF 11.) The Government alleges he sent, from his iPhone while at home in West Dennis, Massachusetts, two threatening emails containing racist and anti-Semitic language as well as death threats to Philadelphia Police Commissioner Danielle Outlaw. (Gov't Resp. to Mot. for Release 2–3, ECF 41.) The FBI initially traced the emails to Fratus by obtaining subscriber information from Comcast and Apple regarding the iPhone and IP address from which they were sent. (*Id.* at 2–3.) Fratus later admitted to emailing Commissioner Outlaw during an interview with law enforcement. (*Id.* at 3); *see also* (Jan. 6, 2021 Mem. 5, ECF 30).

Fratus was ordered temporarily detained after his arrest and an initial appearance before Magistrate Judge Heffley on August 14. *See* (August 14, 2020 Minute Entry, ECF 8). He was detained pending further proceedings after a probable

1

cause and detention hearing before Magistrate Judge Sitarski on August 18. *See* (August 18 Minute Entry, ECF 10).

B

Fratus now moves to revoke Judge Sitarski's Pretrial Detention Order and requests immediate release. *See generally* (Mot. for Release, ECF 40). He argues "three significant changes that [a]ffect [his] detention status" have occurred since his detention hearing. (*Id.* ¶ 7.) First, he is a care provider for two individuals who have experienced health issues during his incarceration. (*Id.* at ¶ 8.) He is the live-in and primary caretaker for his partner Robert Houst, who "suffers from multiple health issues related to obesity and a weak heart" and purportedly postponed hernia surgery because he will be unable to care for himself during his recovery. (*Id.* at ¶ 8); *see also* (Dec. 23, 2020 Hr'g Tr. 58:23–59:3, ECF 28). He has also been asked to act as a legal surrogate to schedule medical appointments for Valerie Morgan, a woman he previously worked for as a personal care assistant who was recently diagnosed with breast cancer. (Mot. for Release ¶ 9.) Second, Fratus claims has maintained sobriety in prison and will continue to do so upon release. (*Id.* at ¶ 10.) Third, he has been incarcerated for over one year, "which is approaching the eighteen-month sentence recommended by the sentencing guidelines." (*Id.* at ¶ 11.) Fratus contends each of these changes assure public safety as well as his future Court appearance if he is released. (*Id.* at ¶ 12.)

The Government argues Fratus's continued detention is warranted under 18 U.S.C. 3142(g). *See* (Gov't Resp. to Mot. for Release 9–10). It represents that Fratus has a "long history of assaulting and threatening law enforcement officers, political figures, and other individuals based on their gender, religion, or race" and was most

recently convicted of assaulting a police officer after he purportedly verbally threatened multiple officers' lives and kicked or shoved two of them. (*Id.* at 1, 3–9.) He was on probation for that offense when he allegedly committed the crime in this case, and there is an active arrest warrant out on him for his probation violation. (*Id.* at 1, 4–5, 9.) The Government contends Fratus's history demonstrates he "is a clear danger to the community" who will not abide by conditions of release. (*Id.* at 9–10.) It further says there is a "substantial risk" Fratus will not appear in court if he is released pretrial because he has no ties to the Eastern District of Pennsylvania. (*Id.* at 10.)

II

The Bail Reform Act, 18 U.S.C. § 3142, governs pretrial detention. The Act provides that "[i]f, after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." *Id.* § 3142(e). Section 3145(b) of Title 18 of the United States Code allows a defendant to move to revoke pretrial detention ordered by a magistrate judge in the court with original jurisdiction over his offense. A district court reviews the magistrate judge's decision *de novo*. *See United States v. Delker*, 757 F.2d 1390, 194–95 (3d Cir. 1985).

Courts must consider several factors to determine whether a set of conditions may accommodate a defendant's release, including:

(1) the nature and circumstances of the offense charged . . . ;

(2) the weight of evidence against the person;

(3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, . . . criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The Government bears the burden of proving a defendant's flight risk by a preponderance of the evidence and dangerousness by clear and convincing evidence. *See United States v. Himler*, 797 F.2d 156, 160–61 (3d Cir. 1986).

### III

Each of the § 3142(g) factors weigh in favor of keeping Fratus detained. Fratus is charged with threatening a police officer's life using deplorable, racist language and faces imprisonment of up to five years for the heinous emails Commissioner Outlaw received. The weight of the evidence against him is strong. Law enforcement determined the IP address and iPhone from which the threatening emails were sent belonged to Fratus, and Fratus confessed in front of several officers to emailing Commissioner Outlaw.

Fratus's history and characteristics support his continued detention because his offense is consistent with prior assaultive and threatening conduct, including conduct for which he was on probation at the time of the instant offense. He has not demonstrated any familial, residential or other ties to this District. And his Motion suggests that if he were released he would promptly leave Pennsylvania and return to

4

living with Houst in Massachusetts. Fratus has also demonstrated that he poses a danger to the public. He threatened an out-of-state law enforcement officer from his home while on probation for physically and verbally assaulting another officer.

None of the "significant changes" Fratus alleges in his Motion affect the propriety of his detention under 18 U.S.C. § 3142(g). Assuming Fratus is indeed Houst's primary caretaker, this does not mitigate his offense, history or the risk that he will not appear in this Court. *See, e.g.*, *United States v. McKnight*, No. 2:20-cr-266-5, 2021 WL 615211, at *3–6 (W.D. Pa. Feb. 17, 2021) (detaining defendant pretrial who serves as primary caregiver for "potentially terminally ill father[] whose health has declined in his absence"); *United States v. Grimes*, No. 16-59, 2016 WL 1594838, at *1, 3–4 (E.D. Pa. Apr. 21, 2016) (detaining defendant pretrial despite defendant's role as primary caregiver for his four children); *United States v. Yarbough*, No. 2:14-cr-270-11, 2014 WL 7343839, at *3–4 (W.D. Pa. Dec. 23, 2014) (same). That Morgan purportedly "asked" Fratus to act as her legal surrogate does not warrant Fratus's release either. Fratus's Motion fails to suggest he has any current responsibilities for her health or care. Fratus provides no explanation of how his sobriety in prison, which he is expected to maintain there, would promote public safety or guarantee his return to court if he is released.

Fratus's trial is scheduled to begin on September 13, and his claim that his detention is "approaching" his "recommended" sentence under the sentencing guidelines is unverifiable. The Court lacks the information necessary pretrial to calculate his advisory guideline range or determine how it will apply the guidelines in this case. Fratus faces up to five years in prison for his offense, and he may be

incarcerated for far longer than eighteen months if he is convicted.

An appropriate Order follows.

BY THE COURT:

 /s/ Gerald J. Pappert
GERALD J. PAPPERT, J.